UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JULIA D. MURPHY,

      **Plaintiff,**

v.                                                                                                                         Case No: 6:20-cv-741-EJK

COMMISSIONER OF SOCIAL
SECURITY,

      **Defendant.**
_____/

**ORDER**

Plaintiff brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), as amended, 42 U.S.C. §§ 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for Disability Insurance Benefits ("DIBs") and application for Supplemental Social Security Income ("SSI"). (Doc. 1.) Upon a review of the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the ALJ's decision, the administrative record, and the pleadings and memorandum submitted by the parties, I conclude that the Commissioner's final decision should be remanded to the ALJ for further consideration.

**I.    ISSUES ON APPEAL**

Plaintiff raises the following issues on appeal:

A. Whether the ALJ correctly applied the legal standards to the entire record and whether the medical and testimonial evidence was given proper weight and consideration.

B. Whether the ALJ correctly evaluated and determined the combined effect of Plaintiff's impairments and the use of that evaluation in determining the totality of Plaintiff's limitations, as applicable to the

residual functional capacity ("RFC").

(Doc. 36 at 16, 43.) The undersigned finds merit in the first argument. Therefore, Plaintiff's second argument will not be addressed because the ALJ's reasoning may change on remand. *See, e.g., Demenech v. Sec'y of Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (declining to address plaintiff's remaining arguments due to conclusions reached in remanding the case as to one issue); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (stating that it was unnecessary to review other issues raised on appeal where remand was required and such issues would likely be reconsidered in the subsequent proceedings).

## II. STANDARD OF REVIEW

The Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

## III. THE ALJ'S DECISION

At step two of the sequential analysis, the ALJ found that Plaintiff was severely impaired by a combination of cervical spine and lumbar spine disc bulges and disc herniations, cervicalgia, migraine headaches, obesity, carpal tunnel syndrome ("CTS"), plantar fasciitis, heel spurs, lumbar spine radiculopathy, and bilateral peripheral neuropathy. (Tr. 12.) The ALJ also found that Plaintiff's medically determinable impairments of depression and anxiety, considered singularly

and in combination, do not cause more than minimal limitation in the claimant's ability to perform basic mental work and are therefore not severe. (*Id.*) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in the regulations. (*Id.* at 14.) Before proceeding to step four, the ALJ determined that Plaintiff had the RFC to do the following:

> [P]erform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b), i.e., lift/carry 20 pounds occasional and 10 pounds frequently, except [Plaintiff] can sit for 4 hours at one time and 8/8 hours total in a workday; can stand or walk each for 2 hours at one time and 4/8 hours total in a workday; can frequently reach in all directions bilaterally; can occasionally handle and finger bilaterally; can frequently feel and push/pull bilaterally; can frequently operate foot controls bilaterally; can occasionally climb, balance, stoop, kneel, crouch and crawl; should never work at unprotected heights or around moving mechanical parts; can occasionally operate a motor vehicle; can have occasional exposure to humidity and wetness, dust, odors, fumes, pulmonary irritants, extreme cold, extreme heat, and vibrations; and can tolerate loud noise such as heavy traffic.

(Tr. 15.) At step four, the ALJ found that Plaintiff could not perform her past relevant work as a medical records clerk or hospital cleaner due to activities related to her lifting/carrying, standing/walking, and handling/fingering which were precluded by Plaintiff's RFC. (Tr. 19.) Proceeding to step five, the ALJ concluded that, considering Plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 19–20.) Ultimately, the ALJ found that Plaintiff was not under a disability at any time from April 1, 2014, through the date of the administrative decision. (Tr. 20.)

## IV.     ANALYSIS

Plaintiff sets forth several arguments in support of her position that the ALJ did not apply the appropriate legal standards when rendering the decision. (Doc. 36 at 16–28.) She states that the ALJ "cherry picked" or otherwise misrepresented the facts relevant to Plaintiff's condition and

failed to property evaluate the entire record, resulting in a decision that is internally inconsistent and not supported by substantial evidence. (*Id.* at 16–17.) The basis for her argument is that the ALJ either failed to give the appropriate weight to the opinions of Plaintiff's treating physicians or failed to address their opinions at all when rendering her decision, making it impossible to determine if the ALJ's decision was supported by substantial evidence. (*Id.* (citing *Himes v. Comm'r of Soc. Sec.*, 585 F. App'x 758, 762 (11th Cir. 2014) (citing 20 C.F.R. §§ 404.1527(c)(1)–(2), 416.927(c)(1)–(2) (holding that an examining doctor's opinion is usually accorded greater weight than that of a non-examining physician)).)

The Commissioner asserts that the ALJ's decision is supported by substantial evidence, citing to a multitude of entries in the transcript that he alleges support the ALJ's decision.[1] (Doc. 36 at 30–36.) Ultimately, the Commissioner asserts that Plaintiff's arguments amount to an invitation for this Court to improperly reweigh the evidence. (*Id.* at 28–29.) Although the Commissioner admits that the ALJ did not specifically address the treatment notes or assign weight to of all Plaintiff's treatment providers, the Commissioner argues that the omission is not dispositive because "an ALJ is not required to refer specifically to every piece of evidence in her decision." (Doc. 36 at 29) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable [the district court . . . ] to conclude that [the ALJ] considered her medical condition as a whole.").

A "threshold" requirement of an ALJ's review of a treating physician's opinion is that the ALJ shall state with particularity the weight accorded to it. *See Sharfarz v. Bowen,* 825 F.2d 278,

---

[1] To the extent the Commissioner attempts to "make the ALJ's argument" for her, this Court notes *post hoc* rationalizations cannot be used to uphold an ALJ's decision. *See Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984).

279–80 (11th Cir. 1987); *Elam v. R.R. Ret. Bd.,* 921 F.2d 1210, 1215 (11th Cir. 1991). More weight is generally given to medical opinions from treating sources since these are likely to be:

> most able to provide a detailed, longitudinal picture of [Plaintiff's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

20 C.F.R. § 404.1527(c)(2). While failure to assign any weight to a treating physician's opinion may result in reversible error, a decision that does not assign weight may be upheld if the failure is considered harmless. *Hanback v. Comm'r, Soc. Sec. Admin.*, 581 F. App'x 840, 841 (11th Cir. 2014) (holding "[e]ven if the ALJ erred by failing to state the definite weight he accorded that physician's opinion, the potential error was harmless"). Harmless error has been found where nothing evidences the failure to assign affected the ALJ's ultimate decision. *Id.*

The parties agree that Plaintiff's treatment records are voluminous, spanning over four years, and involved multitudes of treatment providers, which the ALJ's decision did not individually discuss or assign any weight. (*Id.* at 6–15, 31, 36.) Plaintiff argues that the ALJ's failure to assign weight not only to the opinions of Dr. Slattery, but also to the opinions of Drs. Voepel and Datta, of the Back Center, Dr. Zaid of Brevard Orthopaedic, Dr. Teather from Melbourne United Laser Vision, Dr. Kirschenbaum of the Affordable Foot Clinic, Dr. Womack, and multiple physicians at Brevard Health Alliance and area hospitals" warrants remand. (Doc. 36, at 6–15, 20.) The Commissioner contends the ALJ need not address each treating physician's opinion directly, as the ALJ discussed excepts from various records which supported her decision when considering the record as a whole, even if she did not discuss or assign weight to each specific treatment provider. (*Id.* at 28–41.)

Upon review of the ALJ's decision, the undersigned agrees with Plaintiff. The ALJ's decision mentions by name only three medical providers and assigns weight to a total of five: Dr. Beverly Yamour, M.D., who submitted responses to a medical interrogatory; Scott Kaplan, Psy. D, who conducted a consultative psychological exam; Rahilla Bashir, LMHC, a counselor Plaintiff saw a single time; and the findings of several state agency consultants. (Tr. 17–18.) Specifically, the ALJ assigned the opinion of Dr. Yamor "more weight," the opinion of Dr. Kaplan "little weight," and the opinion of Ms. Bashir "little weight." The ALJ also assigned "great weight" to the "state agency psychological consultants' mental assessments" and "little weight" to the state agency medical consultant's physical assessments. (*Id.*) It has not gone unnoticed that out of a transcript containing over 700 pages of medical records and treatment notes spanning over four years, the ALJ specifically discussed or assigned any weight to only one provider outside of those specifically retained to address Plaintiff's claim: Ms. Bashir, a counselor Plaintiff saw a single time. (*Id.* at 18.) The undersigned concludes that it was not harmless error for the ALJ to address a single provider—assigning her opinion "little weight" and taking the time to point out Plaintiff's short treatment history with her—but fail to mention by name, much less discuss with any specificity, other providers—most of which treated Plaintiff on more than a single occasion—and their opinions regarding the nature and severity of Plaintiff's impairments.

The Commissioner also argues that the records of the uncited providers were not opinions, but even if the Court were to determine that there were opinions "embedded in the providers records, any error by the ALJ in not stating their weight is harmless because the ALJ's decision reflects that she considered the medical records and her decision was consistent with these records." (*Id*. at 42 (quoting *Lara v. Comm'r of Soc. Sec.*, 705 F. App'x 804, 812 (11th Cir. 2017); citing Tr. 16–18).) The undersigned is not persuaded.

Treatment notes are not always considered medical opinions. *See Duarte v. Comm'r of Soc. Sec.*, No. 8:15-cv-1465-T-36TBM, 2016 WL 5403413, at *5 (M.D. Fla. Sept. 28, 2016) (treatment notes that listed "[the plaintiff's] subjective complaints, mental status exams, and treatment plans" do not constitute medical opinions for which the ALJ was required to assign weight); *Williams v. Comm'r of Soc. Sec.*, No. 3:15-cv-78-J-PDB, 2016 WL 944263, at *5 (M.D. Fla. Mar. 14, 2016) (a plaintiff's treatment notes do not constitute an opinion, where, despite noting the plaintiff's pain upon ambulation, the notes never made an evaluation on the plaintiff's ability to walk). The Eleventh Circuit has held, however, that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel*, 631 F.3d at 1178–79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)).

Here, the ALJ's decision cites to opinions that support her conclusion that Plaintiff's treating physicians did more than simply note objective findings. For example, the ALJ cites to a July 2017 treatment note following a surgery in 2017, stating, "the surgeon had noted that [Plaintiff] was doing well and had range of motion." (Tr. 17.) A review of the records from The Back Center and the Injury Care Clinic, which provided treatment to Plaintiff on numerous occasions from February 29, 2012, through April 9, 2014, contained various treatment providers' judgments about the nature and severity of Plaintiff's impairments. (Tr. 563–593). For example, the notes from The Back Center contain discussions of the severity of Plaintiff's impairments. (Tr. 587–88 (noting "mild" bilateral median neuropathy at the wrist" with "definitive evidence of cervical radiculopathy").) Opinions in the treatment records from the Injury Care Clinic discuss not only the nature of Plaintiff's impairments, but opine on the extent to which she is impaired. (Tr. 432 (discussing Plaintiff's physical limitations as "worsening" and having "reached maximum

medical improvement" with "significant permanent physical impairment).)

While the ALJ's decision referenced some of these notes, she did not address and assign weight to the opinions of the providers contained therein. That failure warrants remand.

## V. CONCLUSION

Upon consideration of the foregoing, the final decision of the Commissioner is **REVERSED AND REMANDED** so the ALJ can re-evaluate the opinion(s) of Plaintiff's providers, consistent with this Order. The Clerk is **DIRECTED** to enter a judgment in favor of the Plaintiff and to **CLOSE** this file.

**DONE AND ORDERED** in Orlando, Florida on June 3, 2021.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE